Filed 3/18/25  P. v. Gondeck CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E084539 |
| v. | (Super.Ct.No. 16CR-031970) |
| BRANDON GONDECK, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ingrid Uhler, Judge.  Affirmed.

Brandon Gondeck, in pro. per.; Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

1

## INTRODUCTION

Defendant and appellant Brandon Gondeck appeals from a postjudgment order denying his petition for resentencing under former Penal Code[1] section 1170.95 (renumbered section 1172.6 by Stats. 2022, ch. 58, effective June 30, 2022)[2]  His appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and defendant filed a supplemental brief.  We have reviewed the contentions defendant raised in his supplemental brief and affirm the order.

## PROCEDURAL BACKGROUND

On July 11, 2018, defendant and his codefendants were charged by information with murder (§ 187, subd. (a), count 1), and street terrorism (§ 186.22, subd. (a), count 2). It was further alleged that count 1 was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)), and that a principal personally used a firearm, which proximately cause great bodily injury and death (§ 12022.53, subds. (d) & (e)(1)).  It was alleged that defendant was 16 years or older at the time of the offenses.

On February 14, 2020, defendant entered a plea agreement and pled guilty to second degree murder in count 1, in exchange for the dismissal of the remaining count and allegations.  In accordance with the plea agreement, the court sentenced defendant to 15 years to life in state prison and dismissed the remaining count and allegations.

---

[1]  All further statutory references will be to the Penal Code, unless otherwise indicated.

[2]  To avoid confusion, we will refer to the statute as section 1172.6 in this opinion.

On or around December 12, 2023, defendant filed an in propria persona petition for resentencing, pursuant to section 1172.6.  The People filed a brief in response, arguing that defendant was ineligible for relief because he pled guilty after the effective date of Senate Bill No. 1437.

On July 26, 2024, the court held a hearing on the petition.  The court noted that defendant pled guilty in 2020, after the operative date of section 1172.6.  As such, the court concluded that defendant was ineligible for relief under section 1172.6 and denied the petition.

Defendant filed a timely notice of appeal of the denial of the petition.

DISCUSSION

Defendant was provided notice under *Delgadillo* and advised that counsel filed a brief stating no arguable issues could be found, and that because this is an appeal from a postconviction proceeding, this court is not required to conduct an independent review of the record but may do so in its discretion.  (*Delgadillo, supra*, 14 Cal.5th at p. 232.)  The notice advised him that he could file a supplemental brief within 30 days.  Defendant filed a supplemental brief.  Where a defendant has filed a supplemental brief, a court of appeal need only evaluate the specific arguments presented in the brief.  (*Ibid.*)  "The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues."  (*Ibid.*)

In his brief, defendant asserts that Senate Bill Nos. 1437 and 775 "[e]stablished a bedrock principle . . . that a person should be punished for his or her actions according to

3

his or her own level of individual culpability". He then argues that he never harbored the intent to kill and was not the actual killer; thus he is entitled to resentencing under Senate Bill Nos. 1437 and 775.

The trial court here correctly found that defendant was ineligible for resentencing as a matter of law. "Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437). This amended both the felony-murder rule and the natural and probable consequences doctrine to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life. [Citation.] Senate Bill No. 1437 also added Penal Code former section 1170.95, now renumbered as section 1172.6. This created a procedural mechanism for those convicted under the former law to seek retroactive relief." (*People v. Reyes* (2023) 97 Cal.App.5th 292, 295 (*Reyes*).)

In *Reyes, supra*, 97 Cal.App.5th 292, the court held the procedure for seeking resentencing relief set forth in section 1172.6 does not apply to defendants who were convicted after the effective date of the current law. (*Id.* at pp. 296, 298-299.) The court stated: "[S]ection 1172.6 'provides a procedure whereby persons convicted of murder under a now-invalid theory may petition to vacate their conviction.'" (*Id.* at pp. 298-299.)

The *Reyes* court explained that the appellant in that case was ineligible for resentencing because, in order to be resentenced, a petitioner must allege that he could

4

not presently be convicted of murder "because of changes" brought by Senate Bill No. 1437. (*Reyes, supra*, 97 Cal.App.5th at p. 298; § 1172.6, subd. (a)(3).) The court noted: "Appellant was not convicted under the prior law, which permitted a theory of murder based on imputed malice. Instead, he entered his change of plea in 2021, with the advice and consent of legal counsel. When appellant entered his change of plea, the now invalid theories of murder liability had already been eliminated." (*Ibid.*) Therefore, the court held that the appellant did not qualify for resentencing under section 1172.6. (*Id.* at p. 299.)

Pursuant to *Reyes*, defendant here does not qualify for relief under section 1172.6, since he was convicted in 2020, after the effective date of the current law.[3] (*Reyes, supra*, 97 Cal.App.5th at p. 299.) Thus, the court properly denied his resentencing petition.

---

[3] Defendant cites Senate Bill No. 775, which expanded the scope of relief under section 1172.6 to individuals convicted of attempted murder and voluntary manslaughter; however, defendant pled guilty to murder. Further, Senate Bill No. 775 does not change our analysis. (See Stats. 2021, ch. 551, § 1, subd. (a); § 1172.6, subd. (a).)

DISPOSITION

The trial court's order denying defendant's resentencing petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
J.

We concur:

RAMIREZ
P. J.

MILLER
J.

6